IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In Re: Subpoena Issued to Volvo Group North America, LLC.

-- in --

DARRELL CANADA, individually and on Behalf of all Others Similarly Situated,

    Plaintiff,

vs.

DOMINION ENTERPRISES, a Virginia General Partnership, CROSS-SELL, LLC and JOHN DOES 1-100,

    Defendants.

No. 1:14MC24

(Underlying action pending in the Eastern District of Arkansas; Case No. 4:13CV00345 JLH)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH

Pursuant to Fed. R. Civ. P. 45(d), non-party witness Volvo Group North America, LLC ("Volvo") moves the Court for the entry of an order quashing a subpoena (hereinafter, the "Subpoena") delivered to Volvo in connection with the above-referenced litigation, by Plaintiff Darrell Canada ("Plaintiff").

The above-referenced litigation, pending in the Eastern District of Arkansas, concerns a class action dispute regarding the Drivers' Privacy Protection Act, brought by Plaintiff individually and on behalf of all others similarly situated. The Subpoena at issue, served on April 1, 2014, commands Volvo to appear for the taking of its deposition on April 17, 2014, at the law offices of Plaintiff's counsel Emerson Poynter LLP, located

1

at 1301 Scott Street, Little Rock, Arkansas 72202. The Subpoena further commands Volvo to "provide notice of the names of [corporate designees] to be produced for deposition at least ten days prior to the commencement of the deposition, setting forth the matters upon which each person will testify." In particular, the Subpoena requests testimony relative to documents Volvo had previously produced in this same action pursuant to a *subpoena duces tecum*. A true and correct copy of the Subpoena is attached to Volvo's Motion to Quash as Exhibit 1.

Volvo contends that the Subpoena should be quashed because: (a) it was served without tendering attendance and mileage fees, in violation of Rule 45(b)(1), and (b) it meets three of the four criteria set forth in Rule 45(d)(3)(A), namely, (1) it fails to allow a reasonable time to comply, (2) it requires compliance beyond the geographical limits specified in Rule 45(c); and (3) it subjects Volvo to undue burden.

### I. Plaintiff did not Tender Attendance and Mileage Fees when the Subpoena was Served.

The Subpoena is procedurally defective and therefore void as a matter of law. F.R.C.P. 45(b)(1) requires that a subpoena issued on behalf of a party other than the United States government must be accompanied by witness fees for one day's attendance and mileage/accommodation fees as allowed by law. The Plaintiff failed to tender payment of any witness fees or mileage/accommodation fees. Volvo is based in Greensboro, North Carolina, and its corporate representatives reside there. Plaintiff noticed the deposition in Little Rock, Arkansas. Plaintiff's failure to simultaneously

2

US2008 5525931 1

tender witness fees invalidates the service. *E.g., CF & I Steel Corp. v. Mitsui & Co. (USA), Inc.* 713 F.2d 494, 496 (9th Cir. 1983).

## II. Plaintiff's Subpoena Fails to Allow a Reasonable Time to Comply.

Rule 45(d)(3)(A) sets forth specific instances in which a court "<u>must</u> quash or modify a subpoena." *Id.* (emphasis added). Pursuant to Rule 45(d)(3)(A)(i), a subpoena must be quashed or modified if it "fails to allow a reasonable time to comply." Plaintiff's Subpoena was served April 1, 2014, and required that Volvo provide a witness to testify on several topics— and hundreds of pages of previously produced documents related to those topics—on April 17, 2014. Plaintiff's counsel further commanded Volvo to provide ten days' notice (i.e., by April 7, 2014) of corporate designees who will testify about these topics and these hundreds of pages of documents. This demand provided Volvo less than five business days after service to review the documents previously produced and attempt to identify those individuals it could provide to so testify. Leaving aside the overbreadth of the categories of information of which Plaintiff seeks testimony from Volvo, the Subpoena does not allow a reasonable time for Volvo to identify a witness or witnesses, nor to prepare a witness or witnesses to testify on these topics. Thus, pursuant to Rule 45(d)(3)(A)(i), Plaintiff's Subpoena should be quashed for failure to allow a reasonable time to comply.

## III. Plaintiff's Subpoena Violates the Geographical Limits Specified in Rule 45(c).

Furthermore, the Subpoena is facially invalid under Rule 45(c). A subpoena may only compel a person to attend a hearing, trial or deposition within 100 miles of the

3

US2008 5525931 1

Case 1:14-mc-00024 Document 2 Filed 04/10/14 Page 3 of 8

location where the subpoenaed person resides, is employed, or regularly transacts business in person. F.R.C.P. 45(c)(1).

Although Volvo has not had an opportunity to determine with complete certainty where its witnesses with knowledge of the deposition topics in the Subpoena might be located, aside from the individual named in Topic No. 3 (Mr. Rottweiller, who is located in Greensboro, North Carolina), any witnesses Volvo might produce would likely be located solely in North Carolina. Volvo has *no* potential corporate designees, nor any employees, who reside, are employed, or regularly transact business in person within 100 miles of Little Rock, Arkansas. Therefore, the Subpoena should be quashed pursuant to Rule 45(d)(3)(A)(ii) because it requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person.

Volvo's principal place of business is in Greensboro, North Carolina. Volvo has *no* corporate representatives or potential corporate designees employed, residing, or regularly transacting business in person within 100 miles of Little Rock, Arkansas. Furthermore, given that this Subpoena appears to be a 30(b)(6) request to depose the corporation, although not accompanied by a 30(b)(6) deposition notice, a corporate representative is generally entitled to be deposed at the corporation's principal place of business or residence of the representative. *Salter v. Upjohn Co.*, 593 F.2d 649, 651-52 (5th Cir. 1979); *In re Outsidewall Tire Litig.*, 267 F.R.D. 466 (E.D. Va. 2010); *Oubre v.*

4

*Entergy Operations, Inc.*, No. CIV. A. 95-3168, 1999 WL 143093, at *2 (E.D. La. Mar. 12, 1999).

## IV. Plaintiff's Subpoena Subjects Volvo to Undue Burden.

Regardless of the fact that the Subpoena is facially invalid as discussed above, the Subpoena should also be quashed pursuant to Rule 45(d)(3)(A)(iv), as it subjects Volvo to undue burden. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Plaintiff and his attorneys have taken no such steps.

Based on its understanding of the underlying dispute and its review of the deposition topics and documents previously produced, Volvo believes that the Subpoena seeks information that is duplicative of information that can and should be obtained from a party to the underlying litigation, namely, Defendant Dominion Enterprises. Most of the documents previously produced by Volvo originated from Dominion Enterprises. Plaintiff Canada has not made any showing that it cannot obtain the requested information from Defendant Dominion Enterprises. *See, e.g., Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming district court's requirement that a party seek discovery from a party-opponent prior to burdening a non-party with request for similar or same information). Thus, given that Plaintiff's Subpoena appears to seek information that can be obtained from the Defendant in the underlying litigation,

rather than subjecting non-party witness Volvo to undue burden, this Subpoena should be quashed pursuant to Rule 45(d)(3)(iv).

## CONCLUSION

For the foregoing reasons, Volvo respectfully requests that the Court grant its Motion and quash the Subpoena issued by Plaintiff Darrell Canada.

This the ro day of April, 2014.

_____
Richard J. Keshian
N.C. State Bar No. 10681
Amanda T. Johnson
N.C. State Bar No. 42953
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email:
rkeshian@kilpatricktownsend.com
amajohnson@kilpatricktownsend.com
*Attorneys for Volvo Group North America, LLC*

6

US2008 5525931 1

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing *Memorandum of Law in Support of Motion to Quash* has been served on counsel for the parties via U.S. mail, addressed as follows:

>Will T. Crowder
>Scott E. Poynter
>Corey D. McGaha
>EMERSON POYNTER LLP
>1301 Scott Street
>Little Rock, AR 72202
>
>John G. Emerson
>EMERSON POYNTER LLP
>830 Apollo Lane
>Houston, TX 77058
>
>James C. Wyly
>Sean F. Rommel
>WYLY-ROMMEL, PLLC
>4004 Texas Boulevard
>Texarkana, TX 75503
>
>*ATTORNEYS FOR PLAINTIFF*
>
>Grant E. Fortson, Esq.
>LAX, VAUGHAN, FORTSON, JONES & ROWE, P.A.
>Cantrell West Building
>11300 Cantrell Road, Suite 201
>Little Rock, AR 72212
>
>William Keith Ransdell, Esq.
>John C. Roach, Esq.
>Stephen Chad Meredith, Esq.
>RANSDELL & ROACH, PLLC
>176 Pasadena Drive, Bldg. One
>Lexington, KY 40503
>
>*ATTORNEYS FOR DEFENDANTS*

This the 10 day of April, 2014.

                     /s/ Richard J. Keshian
                     Richard J. Keshian
                     N.C. State Bar No. 10681
                     Amanda T. Johnson
                     N.C. State Bar No. 42953
                     Kilpatrick Townsend & Stockton LLP
                     1001 West Fourth Street
                     Winston-Salem, NC 27101
                     Telephone: (336) 607-7300
                     Facsimile: (336) 607-7500
                     Email:
                     rkeshian@kilpatricktownsend.com
                     amajohnson@kilpatricktownsend.com
                     *Attorneys for Volvo Group North*
                     *America, LLC*